IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSQUEHANNA COMMERCIAL : <br> FINANCE, INC. : <br> : <br> v. : <br> : <br> MICHAEL E. FRENCH *d/b/a* : <br> HIRAM WASTE AND RECYCLING, ET AL. : | CIVIL ACTION <br><br> NO. 10-7481 |

**SURRICK, J.**                                                                                                                             MAY  5  , 2011

## **MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 8.) For the following reasons, the Motion will be granted.

**I. BACKGROUND**

Plaintiff Susquehanna Commercial Finance is a Pennsylvania corporation. Defendants Michael E. French and Laura D. French are residents of Texas. Plaintiff and Michael E. French executed two Commercial Finance Agreements ("Loan One" and "Loan Two"). Under Loan One, Plaintiff loaned $112,170 to French for his acquisition of various items of equipment.[1] (Compl. ¶ 5, ECF No. 1.) Under Loan Two, Plaintiff loaned $23,370 to French also for his purchase of equipment.[2] (*Id.* ¶ 7.) Laura D. French signed personal guaranty agreements guaranteeing the performance of Michael E. French under both loans. (*Id.* ¶¶ 6, 8; *id.* Exs. B,

---

[1] Loan One specifically identifies the following items: (1) D5600 Wood Series Shred-All with Longer/Wider Output Conveyor; (1) Magnetic Head Pulley for Wider Output Conveyor; (1) M60 Colorizer; (1) 1.5 Inch Screen; (1) 2.0 Inch Screen; and (1) 2" Screen Baffles. (Compl. Ex. A.)

[2] Loan Two identifies the equipment as: (2) ME56 Mulch Elevator w/13 HP Honda Engine w/Electric Start; and (2) Magnetic Head Pulley w/Collection Pan Option. (Compl. Ex. C.)

C.) Plaintiff perfected a security interest in the equipment by duly filing two UCC financing statements. (*Id.* ¶¶ 9, 10; *id.* Exs. D, E.) Plaintiff alleges that French has been in default on his monthly payments since July 30, 2010, for Loan One, and August 6, 2010, for Loan Two. Plaintiff alleges that it is owed a total of $80,043. (*Id.* ¶ 12.)

On December 23, 2010, Plaintiff filed a Complaint, which seeks payment from Michael E. French (Count I) and Laura D. French (Count II) and recovery of the equipment through a replevin action (Count III). On January 28, 2011, Plaintiff filed the instant Motion for Default Judgment. Defendants have not appeared, answered or otherwise responded to Plaintiff's Complaint or Motion. Default was entered by the Clerk of Court on January 31, 2011. The following facts are established by the record in this case.

On January 4, 2011, John Hankenhof, a process server located in Plano, Texas, served a copy of the Summons and Complaint upon Defendants at 17 Wimbledon Court, Heath, Texas, 75032. (Hankenhof Affs. I, II, ECF Nos. 3, 4.) This address matches the billing address listed in both loan agreements. After knocking on the door at 17 Wimbledon Court, a man, who was approximately 50-60 years old, opened the door. Hankenhof asked the man if he was "Michael E. French d/b/a Hiram Waste and Recycling." The man responded that he was Michael E. French. Hankenhof immediately served him with the Summons and Complaint. Hankenhof then asked if Laura D. French was home. Michael E. French responded that she was not. At that point, a woman, approximately 40-50 years old, appeared at the door and asked "What's that about?" Hankenhof completed service on Laura D. French by handing a copy of the Summons and Complaint to her husband, Michael E. French, at their home.

On January 28, 2011, Plaintiff's counsel, Brian C. Engelhardt, submitted an affidavit

asserting that Defendants were properly served with a copy of the Summons and Complaint. (Engelhardt Aff., ECF No. 5.) In his affidavit, Engelhardt also states that on January 13, 2011, he received a voicemail message from Robert Fehrle, an employee in the Office of the Clerk of Court. Fehrle advised that the clerk's office had received the original papers that had been served upon each Defendant, accompanied by a cover letter signed by a "Michael T. French." The letter, which is addressed from 17 Wimbledon Ct., Heath, Texas 75032, states:

> I, Michael T. French, received papers for my parents and they no longer live here. I bought this house a year ago from them when they decided to move to east Texas. Michael E. French and Laura French no longer live here. I do not see them that often due to the fact that they travel. Please do not contact me or send anything to them here. Thank you for your attention to this matter.

(*Id.* Ex. G.)

In support of the statements made in the Hankenhof affidavit, Plaintiff has submitted redacted copies of Defendants' drivers' licenses, which show that Michael E. French was born in 1951 and Laura D. French was born in 1962. (*Id.* Ex. H.) These dates of birth place Defendants in the age range estimated by Hankenhof in his affidavit. Plaintiff has also submitted a copy of the public tax information for Defendants' property at 17 Wimbledon Court. (*Id.* Ex. I.) The records identify Defendants as being the owners of this property.

On March 30, 2011, Plaintiff filed a motion requesting that service of the Motion for Default Judgment be by first-class mail. (ECF No. 11.) In support of the motion Plaintiff filed an affidavit of attempted service by John Hankenhof. In the affidavit Hankenhof states that on March 9, 2011, at 11:42 am, he attempted to personally serve Defendants with the Motion for Default Judgment and related documents. (Hankenhof Aff. III, ECF No. 12.) Hankenhof states that he went to the 17 Wimbledon Court address and knocked on the door. He observed an

individual inside who was about to answer the door, but then heard a woman's voice direct the individual not to answer. At that time Hankenhof took a photograph of the license plate of a Chevrolet Suburban that was parked outside the home. (*Id.* Ex. 1.) The records of the Texas Department of Motor Vehicles reveal that Michael E. French is the owner of the Chevrolet Suburban. (*Id.* Ex. 2.) The motor vehicle records also identify French's address as 17 Wimbledon Court. The affidavit further states that on March 10, 2011, at 5:43 pm, Hankenhof returned to the 17 Wimbledon Court premises. No one answered. On March 12, 2011, at 12:25 pm, Hankenhof again returned to the property and no one answered the door when he knocked. Hankenhof observed the same Chevrolet Suburban outside the home on this occasion. Based on this information, we granted a motion for alternative service of process for the Motion for Default Judgment. (ECF No. 14.) On April 5, 2011, Plaintiff's counsel submitted an affidavit stating that he sent the Motion and related documents to Defendants by first-class mail. (ECF No. 13.)

Plaintiff's Motion for Default Judgment is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of a default judgment upon application to the court by a party. In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

## III. DISCUSSION

### A. Service of Process

Federal Rule of Civil Procedure 4(e)(2) authorizes service by (A) delivering a copy of the summons and of the complaint to the individual personally, or (B) leaving a copy of each at the individual's home with someone of suitable age and discretion who resides there. Plaintiff submits the affidavits of Hankenhof to support its argument that both Defendants were properly served.

"[C]ourts in this district have concluded that a return of service by a private process server creates a rebuttable presumption that proper service was effectuated." *Closeout Grp.!, Inc. v. Venator Elecs. Sales & Serv., Ltd.*, No. 07-5292, 2009 WL 2431448, at *3 (E.D. Pa. Aug. 6, 2009) (quoting *Lautman v. Loewen Grp., Inc.*, No. 99-75, 2000 WL 772818, at *10 (E.D. Pa. June 15, 2000)); *see Constitution Bank v. Painewebber Inc.*, No. 91-5175, 1992 WL 50103, at *2 (E.D. Pa. Feb. 28, 1992). A "bare allegation by a defendant that he was improperly served cannot be allowed to belie the private process server's return." *Closeout Grp.!*, 2009 WL 2431448, at *3 (quoting *FROF, Inc. v. Harris*, 695 F. Supp. 827, 829 (E.D. Pa. 1988)). Absent corroborating evidence, a defendant's assertion, sworn or unsworn, does not defeat this presumption. *See id.*; *Lautman*, 2000 WL 772818, at *10.

In *Constitution Bank*, the plaintiff filed a complaint against numerous defendants, including Hamptons Financial. 1992 WL 50103, at *1. A private process server purportedly served the summons and complaint personally upon Ira Lampert, a director of Hamptons, at his home. After Hamptons failed to make an appearance, the plaintiff filed a motion for default judgment. Hamptons later filed a motion to dismiss for insufficient service of process.

5

Hamptons attached to its motion a signed statement from Lampert's daughter, indicating the she, rather than her father, had received the papers at their home. The court found the daughter's unsworn verification insufficient to rebut the presumption of proper service. *Id.* at *3.

In this case, Defendants have offered no evidence to counter the statements made in affidavits of John Hankenhof, the private process server. Hankenhof went to the address provided by Defendants in their financing statements. Michael E. French acknowledged his identity. French's age, as confirmed by his driver's licence, fits within the age range provided by Hankenhof in his affidavit. The public tax records also support Plaintiff's assertion that Defendants owned the 17 Wimbledon Court property at the time service was effected. Hankenhof advises that he personally served Michael E. French with the Summons and Complaint under Rule 4(e)(2)(A), and that he served Laura D. French by delivering a separate copy of these papers to her husband at their home pursuant to Rule 4(e)(2)(B). Clearly, Michael T. French's unsworn letter is insufficient to rebut the presumption of proper service. Accordingly, we are compelled to conclude that service was properly effected on January 4, 2011.

### B. Default Judgment

The entry of a default judgment is warranted in this case. Plaintiff served Defendants with the Summons and Complaint under Rule 4(e)(2), and served Defendants with the Motion for Default Judgment by first-class mail. Plaintiff will be prejudiced if default is denied. Plaintiff has legitimate claims against Defendants. If default judgment is denied they will be effectively prevented from pursuing those claims. Morever, Defendants have not asserted any defense in this matter and no obvious defense exists from the face of the Complaint. *See Duehr*

*ex rel. Steelworkers Pension Trust v. Marriot Hotel Mgmt. Co. VI Inc.*, No. 10-4342, 2011 WL 554140, at *2 (E.D. Pa. Feb. 14, 2011) (finding that where defendant submits no responsive pleadings, court may conclude that it has no litigable defense). Finally, it is clear that Defendants have intentionally attempted to evade service in this case. It appears they are doing everything possible to avoid this litigation. At the very least their conduct is culpable. Accordingly, default judgment will be entered in favor of Plaintiff and against Defendants.

Plaintiff seeks a monetary award of $80,043 against Defendants. (Mot. Default J. 1.) Plaintiff submits the affidavit of its attorney Brian Engelhardt, accompanied by the documentary evidence upon which the affiant relies, to substantiate this amount. (Engelhardt Aff.; *id.* Exs. A-F.) As to Loan One, Plaintiff requests $66,094, which is the sum of the principal balance due, $64,484 (*see id.* at 2 & Ex. B), and accrued late charges, $1,610 (*see id.* at 2 & Ex. C). As to Loan Two, Plaintiff requests $13,949, which Plaintiff mistakenly takes to be the sum of the balance due, $13,707.01 (*see id.* at 2 & Ex. E), and accrued late charges, $240 (*see id.* at 2 & Ex. F). Plaintiff has made a small error in calculating the amount due under Loan Two; Defendants owe $13,947, not $13,949. Except for this small miscalculation, Plaintiff's requested damage award is consistent with the documentation in the record. Accordingly, we will enter a judgment in favor of Plaintiff in the amount of $80,041 against each Defendant individually.

Plaintiff also seeks replevin under the two loan agreements. "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another." *Valley Gypsum Co. v. Pa. State Police*, 581 A.2d 707, 710 (Pa. Commw. Ct. 1990). To prevail in a replevin action, "the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question." *Ford Motor Credit Co. v.*

*Caiazzo*, 564 A.2d 931, 933 (Pa. Super. Ct. 1989).

Michael E. French granted Plaintiff a security interest in the equipment identified in the two loans and Plaintiff perfected its security interest in this collateral by filing the necessary UCC-1 financing statements. (Compl. ¶¶ 9, 10; *id.* Exs. D, E.) The terms and conditions of both loans provide that upon a default by Michael E. French, Plaintiff has the right to "take immediate possession of the financed Equipment" and "declare immediately due and payable any and all payments due and to become due." (*Id.* Exs. A, C.) Since French has defaulted on the loans, Plaintiff has the right to take immediate possession of the following property: (1) D5600 Wood Series Shred-All with Longer/Wider Output Conveyor; (1) Magnetic Head Pulley for Wider Output Conveyor; (1) M60 Colorizer; (1) 1.5 Inch Screen; (1) 2.0 Inch Screen; (1) 2" Screen Baffles; (2) ME56 Mulch Elevator w/13 HP Honda Engine w/Electric Start; and (2) Magnetic Head Pulley w/Collection Pan Option. *See Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, No. 99-3606, 2001 WL 253873, at *3 (E.D. Pa. Mar. 14, 2001) (finding replevin action after court granted default judgment); *Wells Fargo Equip. Fin., Inc. v. Hard Rock Excavation, Inc.*, No. 09-1030, 2010 WL 1948215, at *1 (D. Utah May 11, 2010) (same).

## IV.    CONCLUSION

For all of these reasons, Plaintiff's Motion will be granted.

An appropriate Order follows.

BY THE COURT:

*/s/ C.S.H./*

_____

**R. BARCLAY SURRICK, J.**
